```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
MARIO CASTILLO,
                                *
     Plaintiff,
                                *
          v.                        CIVIL NO.: WDQ-06-1425
                                *
RICHARD D. SHAFER CO., INC.,
d/b/a RDS COMPANY, AND          *
HAROLD L. LEWIS,
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Mario Castillo has sued Richard D. Shafer Co., Inc, d/b/a RDS Company ("RDS"), and Harold L. Lewis for negligence. Pending is Defendants' motion for summary judgment. For the following reasons, the motion will be denied.

I.   Background

On June 28, 2003, Castillo was injured when a concrete block fell on him while he was working at West Friendship Elementary School in West Friendship, Maryland. Compl. ¶ 5. Castillo alleges that Lewis, an employee of RDS, negligently dropped the block on him. *Id*. ¶¶ 9, 12-14. On June 8, 2006, Castillo sued RDS and Lewis.

II.  Analysis

A. Standard of Review

Under Rule 56(c), summary judgment is appropriate when there

1

is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). The opposing party, however, must produce evidence upon which a reasonable fact finder could rely. *Celotex*, 477 U.S. at 324. The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

B. Choice of Law

In this diversity jurisdiction case, Maryland law applies because Castillo's cause of action arises out of an accident that occurred in West Friendship, Maryland. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Hauch v. Connor*, 295 Md. 120, 123, 453 A.2d 1207, 1209 (Md. 1983) ("[T]he substantive tort law of the state where the wrong occurs governs."). Under Maryland law, a plaintiff pursuing a negligence cause of action must show that: (1) the defendant owed a duty to the plaintiff;

2

(2) the defendant breached that duty; (3) the plaintiff suffered actual injury or loss; and (4) the injury or loss proximately resulted from the defendant's breach of duty. *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 131-32, 916 A.2d 257, 270-71 (Md. 2007).

C. Loss of Household Services

Defendants argue that Castillo cannot pursue a damages claim of loss of household services. Although Defendants acknowledge that such a claim exists, they contend that Castillo cannot recover for loss of services to himself. Castillo counters that Maryland law allows for a loss of household services claim to oneself.

In Maryland, plaintiffs may bring a claim of loss of household services as an element of damages. *Hughes v. Carter*, 236 Md. 484, 486, 204 A.2d 566, 568 (Md. 1964). This claim can be brought on behalf of a spouse, *see id.*, or by a decedent's child in a wrongful death action, *see Terry v. O'Neal*, 194 Md. 680, 690-91, 72 A.2d 26, 30 (Md. 1950). A claim for household services may involve pecuniary and nonpecuniary aspects. *United States v. Searle*, 322 Md. 1, 6, 584 A.2d 1263, 1266 (Md. 1991).

Castillo relies on a footnote in *Monias v. Endal*, 330 Md. 274, 623 A.2d 656 (Md. 1993), to support his argument. In *Monias*, the Court of Appeals assessed how damages should be calculated for a plaintiff whose life expectancy was reduced

3

because of medical malpractice.  *Id.* at 276, 623 A.2d at 658.
The court rejected the trial court's award of loss of household
services to the plaintiff's children, determining that the
plaintiff was not entitled to these damages for her reduced life
expectancy.  *Id.* at 284-85, 623 A.2d at 661.  The *Monias* court
recognized that the damages were for the plaintiff's family, but
explained why these damages were not appropriate:

> We recognize that not every loss-of-services action will be
> for the benefit of a tort victim's family.  Tort victims may
> also seek damages for loss of services they would have
> provided for themselves absent the injury.  Loss of such
> services that would have been provided during the "lost
> years" should not be compensable, as the victim ought not be
> reimbursed for services never to be performed and never to
> be needed because of the victim's premature death.

*Id.* at 285 n.6, 623 A.2d at 661 n.6.

Castillo seizes on the first two sentences of the footnote, arguing that it supports his claim.  Castillo alleges that his injuries have restricted his ability to help his live-in girlfriend[1] with laundry, wash the dishes, clean the house, and shop for household items.  Pl.'s Supp. Mem. at 4-5.  Castillo contends that a jury is entitled to determine the damages he should receive for loss of household services to himself.

The *Monias* court's dicta footnote reference to a tort victim's potential loss-of-services claim provides an

---

[1] Castillo is still married to Lubia Castillo, who lives in Guatemala.  Pl.'s Supp. Mem. at 1.  Aida Tobar, with whom Mr. Castillo lives in Washington, D.C., is his girlfriend.  Mario Castillo Dep. 6:10-21, June 7, 2007.

4

insufficient basis for Castillo's damages claim.  The weight of Maryland law supports Defendants' view that loss of household services claims may only be pursued by spouses or in some circumstances, children.  Although Defendants' motion for summary judgment will be denied, Castillo's damages proof will not include a loss-of-his-own-services element.  *See Felix v. Sun Microsystems, Inc.*, No. Civ. JFM-03-1304, 2004 WL 911303, at *7 (D. Md. Apr. 12, 2004) (parties are not entitled to summary judgment under Rule 56 if the judgment is not dispositive of an entire claim).

D. Loss of Consortium

Defendants argue that because Castillo and Tobar were not married at the time of the accident, Castillo cannot bring a loss of consortium claim.  Castillo responds that he is not claiming loss of consortium, but rather his "lost ability to enjoy sexual and emotional relations with others."  Pl.'s Supp. Mem. at 6.  Defendants acknowledge that Castillo did not file a claim for loss of consortium, but they argue that Tobar should not be able to testify about intimate details of her relationship with Castillo because he was not married to her.

Testimony about Castillo's diminution of sexual capacity is relevant to determining the extent of his physical injuries.  Although Castillo cannot bring a loss of consortium claim, *see Gillespie-Linton v. Miles*, 58 Md. App. 484, 495, 473 A.2d 947,

953 (Md. Ct. Spec. App. 1984) (to bring loss of consortium claim, marriage must exist at time of injury), evidence about the physical and emotional manifestations of the injuries allegedly caused by Defendants is admissible for the purpose of determining Castillo's alleged damages.

III. Conclusion

For the reasons discussed above, Defendants' motion for summary judgment will be denied.


<u>October 10, 2007</u>                    _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge